DANIEL A. DOOLEY , PROSECUTOR, v. HORACE K. ROBERSON, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted May 2, 1939—Decided August 8, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Frazer, Stoffer & Jacobs* (*Spaulding Frazer*).

For the defendant, *William Rubin.*

BODINE, J.   The present writ reviews the validity of prosecutor's removal as water purveyor in the water department of the city of Bayonne.   The city of Bayonne for a number of years has been governed by the commission form of government.   The director of finance has been in charge of the water department.   The prosecutor was continuously employed as water purveyor or in the water department from June 2d, 1931, until January 6th, 1939, when he was summarily removed by the director of the department of revenue and finance.

The prosecutor is an exempt fireman and at the time of his removal held an exempt fireman's certificate.   Such removal without written charges was unlawful.

The latest enactment for the benefit of exempt firemen is chapter 385 of *Pamph. L.* 1938 (*R. S.* 40:47-60), approved June 16th, 1938.   It reads as follows: "Every exempt fire-

man holding an exempt fireman's certificate issued to him in accordance with the laws of this state now employed or holding any office or position except one created by the Constitution under the government of this state of any county, municipality or board of education of this state, shall continue in said employment, office or position during good behavior and shall not be removed from said employment, office or position except for good cause shown after a fair and impartial hearing upon written charges preferred against him."

The prosecutor was at the time of the adoption of the statute quoted above "employed * * * under the government of * * * [the] municipality." He was removed without charges being made. His precise status under the statute in question need not be determined. It is unnecessary, under the law, to consider whether the prosecutor held an office or a position, or whether the term was fixed or indefinite. Suffice it to say that prosecutor held an exempt fireman's certificate and was employed by the city of Bayonne at the time of his removal without the preference of written charges.

The validity of the legislative enactment was not questioned in this case.

Such removal was manifestly illegal and will be set aside, with costs.